1  BENJAMIN L. WEBSTER, Bar No. 132230
   BARBARA A. BLACKBURN, Bar No. 253731
2  LITTLER MENDELSON
   A Professional Corporation
3  2520 Venture Oaks Way, Suite 390
   Sacramento, CA  95833.4227
4  Telephone:    916.830.7200
   Fax No.:       916.561.0828
5
   Attorneys for Defendants
6  STATE FARM FIRE AND CASUALTY
   COMPANY, STATE FARM GENERAL
7  INSURANCE COMPANY, STATE FARM
   MUTUAL AUTOMOBILE INSURANCE
8  COMPANY (incorrectly sued as State Farm Mutual
   Insurance Company), and JEANNE M. DIETRICH
9

10               UNITED STATES DISTRICT COURT

11               EASTERN DISTRICT OF CALIFORNIA

12

13  SCOTT WIDDER,                              Case No.

14            Plaintiff,                       **DEFENDANTS STATE FARM
                                               MUTUAL AUTOMOBILE
15      v.                                     INSURANCE COMPANY, STATE
                                               FARM GENERAL INSURANCE
16  STATE FARM FIRE AND CASUALTY               COMPANY, AND STATE FARM FIRE
    COMPANY, STATE FARM GENERAL                AND CASUALTY COMPANY'S
17  INSURANCE COMPANY, STATE FARM              NOTICE OF REMOVAL OF CIVIL
    MUTUAL INSURANCE COMPANY,                  ACTION FROM STATE COURT
18  JEANNE M. DIETRICH, DOES 1 through 100,    UNDER U.S.C. §§ 1441 (a) AND (b);
                                               DEFENDANT JEANNE M.
19            Defendants.                      DIETRICH'S CONSENT TO
                                               REMOVAL**
20
                                               Complaint Filed in Sacramento County
21                                             Superior Court:  July 13, 2010

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:96838541.1 021168.1093          Case No.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF

2   CALIFORNIA:

3           PLEASE TAKE NOTICE that Defendants STATE FARM FIRE AND CASUALTY

4   COMPANY, STATE FARM GENERAL INSURANCE COMPANY, STATE FARM MUTUAL

5   AUTOMOBILE INSURANCE COMPANY (incorrectly sued as "State Farm Mutual Insurance

6   Company") (together, the "State Farm Defendants") hereby remove the above-entitled employment

7   action from the Superior Court of the State of California, County of Sacramento, to the United States

8   District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 1441(a) and (b)

9   and 1446.

10          This Notice is based upon the original jurisdiction of the federal district court over the

11  parties under 28 U.S.C. § 1332 based upon complete diversity of citizenship.

12          In support of its Notice of Removal, the State Farm Defendants state to the Court as

13  follows:

## I.
## JURISDICTION/PLEADING

16          1.      This action may be removed to this Court by the State Farm Defendants

17  pursuant to the provisions of 28 U.S.C. § 1332, because complete diversity exists among the parties

18  and the matter in controversy exceeds $75,000.

19          2.      Venue is proper in this Court pursuant to 28 U.S.C. sections 1391 and

20  1446(a).

## II.
## GENERAL INFORMATION

23          3.      On or about July 13, 2010, Plaintiff Scott Widder ("Plaintiff" or "Widder")

24  filed his Complaint in this case in the Superior Court of California, County of Sacramento (the

25  "Complaint").   The State Farm Defendants and Jeanne Dietrich ("Dietrich") (together,

26  "Defendants") were served on July 19, 2010, with a copy of the Complaint entitled *Scott Widder v.*

27  *State Farm Fire and Casualty Company, et al.*, designated Case No. 34-2010-00082489.

28  Declaration of Benjamin L. Webster ("Webster Decl.") ¶ 2.   Copies of the Complaint and other

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833-4227
916.830.7200

Firmwide:96838541.1 021168.1093                          2.              Case No.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

documents that make up the Superior Court file are attached hereto as Exhibit A. Copies of communications between counsel establishing the date the Complaint was served on Defendants are attached to the Webster Decl. as Exhibits 1 and 2. The Complaint is the only pleading received by Defendants in this matter.

4.      Defendants have not yet filed responsive pleadings to this Complaint. Accordingly, the documents attached hereto as Exhibit A constitute the entire Superior Court file.

5.      On August 3, 2010, Plaintiff propounded Judicial Council of California Form Interrogatories – Employment Law, Set One, on "Defendants State Farm, et al[.]," and a Request for Production of Documents, Set One, on "Defendants State Farm." Copies of these documents are attached hereto as Exhibit B.

6.      On August 9, 2010, Plaintiff served the following on Defendants: Notice of Deposition of Dr. Stephen Kindred, Notice of Deposition of Jeanne Dietrich, Notice of Deposition of Kevin Stockton, and Notice of Deposition of Shelly Miller.[1] Copies of these documents are attached hereto as Exhibit C.

7.      Defendant Dietrich hereby consents to State Farm Defendants' removal of the state court action to this Court. Webster Decl. ¶ 3.

8.      This Notice of Removal is filed within 30 days after the initial receipt by State Farm Defendants of a copy of the Complaint.

### III.
### BASES FOR REMOVAL

**A.      Complete Diversity Exists.**

9.      The State Farm Defendants are informed and believe, based upon Plaintiff's Complaint, that Widder was, and still is, a citizen of the State of California. Complaint ¶ 1.

10.     Defendant State Farm Mutual Automobile Insurance Company ("State Farm Mutual") was, at the time the action was commenced in state court, and still is, an Illinois Corporation whose principal place of business is in Bloomington, Illinois, and is therefore not a

---

[1] The first line of each notice erroneously states that the deposition is being noticed by Defendant; in fact, they were all noticed by Plaintiff.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.630.7200

citizen of the State of California.  Declaration of Mark Schwamberger ("Schwamberger Decl.") ¶ 4. There is no such entity as "State Farm Mutual Insurance Company."  *Id*. ¶ 1.  Defendant State Farm Mutual's corporate headquarters, Statutory Home Office, Main Administrative Office, Mailing Address, and Primary Location of Books and Records were, at the time of filing of the state court action, and remain located in Bloomington, Illinois, where almost all of its executive and corporate employees are employed and where its primary administrative functions are performed.  *Id*. ¶ 4. From this Home Office, State Farm Mutual's corporate officers direct, control, coordinate, and oversee its activities, including its employment practices.  *Id*.  Defendant State Farm Mutual's directors are elected in Illinois and its Board meetings are held almost exclusively in that state.  *Id*. State Farm Mutual's Claims, Underwriting, Actuarial, Accounting, Human Resources, Agency, Marketing, Corporate Law, and Systems departments are all headquartered at its Home Office in Bloomington, Illinois.  *Id*.

11.    Defendant State Farm General Insurance Company ("State Farm General") was, at the time the action was commenced in state court, and still is, an Illinois Corporation whose principal place of business is in Bloomington, Illinois.  *Id*. ¶ 5.  It is also not a California citizen. Defendant State Farm General's corporate headquarters, Statutory Home Office, Main Administrative Office, Mailing Address, and Primary Location of Books and Records were, at the time of filing of the state court action, and remain located in Bloomington, Illinois, where almost all of its executive and corporate employees are employed and where its primary administrative functions are performed.  *Id*.  From this Home Office, State Farm General's corporate officers direct, control, coordinate, and oversee its activities, including its employment practices.  *Id*.  A majority of Defendant State Farm General's directors are in Illinois and its Board meetings are held by teleconference call or videoconference involving the directors in Bloomington, Illinois and directors who live outside of the state.  *Id*.  State Farm General's Claims, Underwriting, Actuarial, Accounting, Human Resources, Agency, Marketing, Corporate Law, and Systems departments are all headquartered at its Home Office in Bloomington, Illinois.  *Id*.

12.    Defendant State Farm Fire and Casualty Company ("State Farm Fire") was, at the time the action was commenced in state court, and still is, an Illinois Corporation whose

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Ventura Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:96838541.1 021168.1093                    4.        Case No.
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

principal place of business is in Bloomington, Illinois. *Id.* ¶ 6. It is also not a California citizen. Defendant State Farm Fire's corporate headquarters, Statutory Home Office, Main Administrative Office, Mailing Address, and Primary Location of Books and Records were, at the time of filing of the state court action, and remain located in Bloomington, Illinois, where almost all of its executive and corporate employees are employed and where its primary administrative functions are performed. *Id.* From this Home Office, State Farm Fire's corporate officers direct, control, coordinate, and oversee its activities, including its employment practices. *Id.* A majority of Defendant State Farm Fire's directors are in Illinois and its Board meetings are held almost exclusively in that state. *Id.* State Farm Fire's Claims, Underwriting, Actuarial, Accounting, Human Resources, Agency, Marketing, Corporate Law, and Systems departments are all headquartered at its Home Office in Bloomington, Illinois. *Id.*

13.    All of the State Farm Defendants prepare and file their tax returns in Bloomington, Illinois. Schwamberger Decl. ¶¶ 4, 5, 6.

14.    In *Hertz Corporation v. Friend, et al.*, __ U.S. __, 130 S.Ct. 1181, 1186 (2010), the U.S. Supreme Court adopted the "nerve center" test for determining corporate citizenship in diversity jurisdiction cases. The Court determined that a corporation's "principal place of business" is the "place where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, __ U.S. __, 130 S.Ct. at 1186; *see also Van Noland v. Pelletier*, 2010 U.S. Dist. LEXIS 335544, *6-7 (E.D. Cal. April 6, 2010) (adopting the *Hertz* standard). Thus, the State Farm Defendants were, and still are, citizens of the State of Illinois. *See id.*; *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

15.    Defendant Dietrich was, at the time this action commenced, and still is, a citizen of the State of California. She is, however, a sham defendant fraudulently joined, and her citizenship should be disregarded for purposes of determining diversity, based on the following:

(1)    Plaintiff's Complaint expressly alleges an employment relationship between Plaintiff and the State Farm Defendants such that they were his alleged employer at all relevant

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2920 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916.830.7200

Firmwide:96838541.1 021168.1093        5.        Case No.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

times.  Complaint ¶ 5.  Plaintiff's Complaint expressly alleges that Defendant Dietrich was, at all times mentioned, an employee of the State Farm Defendants and was Plaintiff's supervisor. *Id.* ¶ 3.

(2)     Plaintiff has not stated any proper claim for relief against Dietrich, could not properly assert any of his claims against her, and demonstrates no real intent to obtain a joint judgment against her.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-1319 (9th Cir. 1998).

(3)     The first seven of Plaintiff's eight causes of action are alleged against the State Farm Defendants only (*i.e.,* First Cause of Action for disability discrimination, Second Cause of Action for failure to accommodate disabilities, Third Cause of Action for failure to engage in the interactive process, Fourth Cause of Action for breach of implied contract, Fifth Cause of Action for breach of the covenant of good faith and fair dealing, Sixth Cause of Action for retaliation, and Seventh Cause of Action for wrongful termination in violation of public policy).  Complaint pp. 3, 4, 5, 7, 9, 11, 12.

(4)     The Complaint names Defendant Dietrich only in the eighth and final purported cause of action for harassment based on disability. *Id.* p. 13.

(5)     In his Complaint, Plaintiff asserts that Dietrich harassed Plaintiff based on his alleged disability as follows: "by treating him unfairly and ridiculing his work knowing Plaintiff was disabled.  Dietrich would avoid all of Plaintiff's, and Plaintiff's physicians', requests for reasonable accommodations and would intentionally write false evaluations of Plaintiff's work while he was on approved medical leave." *Id.* ¶ 15.  These alleged actions all directly pertain to Dietrich's business and management duties as Plaintiff's supervisor.

(6)     Dietrich cannot, as a matter of law, be liable for "harassment" based simply on how she allegedly evaluated the Plaintiff's work performance or handled (or did not handle) his alleged requests for accommodation. *Reno v. Baird*, 18 Cal.4th 640, 645-647 (1998) ("commonly necessary personnel management actions [by supervisors] . . . do not come within the meaning of harassment").  These actions may "retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment." *Id.* at 647 (*quoting Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 65-66 (1996)).  By contrast, the types of actions that would impose liability on a supervisor for harassment

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833-4227
916.830.7200

Firmwide:96838541.1 021168.1093                  6.          Case No.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1   would be those that go outside the scope of his or her job duties, and are not necessary to business

2   and personnel management. *Id.*; *see also Cosby v. Autozone, Inc.*, 2008 U.S. Dist. LEXIS 73573, * 7

3   (E.D. Cal. July 23, 2008) (allegations that a supervisor "denied Plaintiff reasonable

4   accommodations, mishandled and delayed approval of [his] requests for accommodation, refused to

5   interact with [him], subjected [him] to unjustified criticism, callously disregarded his disability and

6   ultimately terminated [his] employment" did not permit recovery for harassment against that

7   supervisor as a matter of law). Here, Plaintiff has only made general claims of harassment against

8   Dietrich, and they are all based on her personnel management actions.

9               (7)     Based on the foregoing, Plaintiff's Complaint fails to state any claim for relief

10  against Defendant Dietrich, nor does any claim for relief exist. *See Lesperance v. North American*

11  *Aviation, Inc.*, 217 Cal. App. 2d 336, 343 (1963) ("It is elementary that a pleading must allege facts

12  and not conclusions") (*quoting Vilardo v. County of Sacramento*, 54 Cal. App. 2d 413, 418 (1942));

13  *see also Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[t]hreadbare recitals of the elements of a

14  cause of action, supported by mere conclusory statements, do not suffice" to plead a claim against a

15  defendant under the federal pleading standard). Accordingly, the joinder of Defendant Dietrich is

16  fraudulent and must be disregarded for purposes of determining diversity of citizenship. *Morris v.*

17  *Princess Cruises Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[if] [j]oinder of a non-diverse

18  defendant is deemed fraudulent . . . the defendant's presence in the lawsuit is ignored for purposes of

19  determining diversity").

20              16.     The Complaint names as Defendants "Does 1 through 100." The State Farm

21  Defendants are informed and believe, and on that basis allege, that none of the fictitiously named

22  Defendants have been served with a copy of the Complaint. Thus, these fictionally named

23  Defendants are not parties to this action. Additionally, for purposes of removal, "the citizenship of

24  defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

25  **B.      The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

26              17.     The amount in controversy exceeds the sum of seventy-five thousand dollars

27  ($75,000) exclusive of interest and costs. Although the Complaint does not allege a specific dollar

28  amount of damages, the State Farm Defendants only need to establish by a preponderance of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916.830.7200

Firmwide:96838541.1 021168.1093          7.          Case No.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1    evidence that Plaintiff's claims exceed the jurisdictional minimum.  *See Valdez v. Allstate Insurance*

2    *Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  The State Farm Defendants meet their burden based on

3    the following:

4              (1)     In his Complaint, Plaintiff is seeking economic damages, non-economic

5    damages, attorneys' fees, and punitive damages for alleged violations of the California Fair

6    Employment and Housing Act ("FEHA") and breach of contract.  Specifically, Plaintiff is claiming

7    disability discrimination, failure to accommodate his disability, failure to engage in the interactive

8    process, breach of implied contract, breach of the covenant of good faith and fair dealing, retaliation,

9    and harassment.

10             (2)     Plaintiff's economic and non-economic damages are comprised of the

11   following: (1) "substantial" lost earnings, deferred compensation, stock, stock options, and other

12   employment benefits (Complaint ¶¶ 20, 27, 34, 45, 51, 55, 61, 71); and (2) damages for humiliation,

13   embarrassment, mental and emotional distress, increased physical pain and discomfort in the form of

14   fatigue, nervousness, anxiety, nausea, gastrointestinal disorders, worry, indignity, and insomnia.  *Id.*

15   ¶¶ 21, 28, 35, 56, 62, 77.   These amounts can be considered when calculating the amount in

16   controversy and would easily exceed the $75,000 requirement.  *See Richmond v. Allstate Insurance*,

17   897 F.Supp. 447, 450 (S.D. Cal. 1995) (general and special damages included in the amount in

18   controversy); *see also White v. FCI United States, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (alleged

19   damages for plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of

20   compensatory and punitive damages," including loss of pay, benefits, and emotional distress).

21   Moreover, Plaintiff's Complaint states that he was making approximately $140,000 per year, not

22   including bonuses and benefits.  Complaint ¶ 9.  Based on this amount, his alleged lost wages alone

23   will exceed the $75,000 requirement.

24             (3)     Plaintiff also seeks to recover an unspecified amount of punitive damages.  *Id.*

25   ¶¶ 22, 29, 36, 57, 63, 69, Prayer for Relief.  Punitive damages can also be considered in determining

26   the amount in controversy for claims brought under the FEHA.   *See, e.g., Simmons v. PCR*

27   *Technology*, 209 F.Supp. 2d 1029 (N.D. Cal. 2002).  Although the State Farm Defendants deny that

28   they should be liable for punitive damages, or any damages whatsoever in this case, for purposes of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

Firmwide:96838541.1 021168.1093          8.          Case No.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1  assessing whether the amount in controversy is satisfied, courts can look to jury verdicts in similar

2  cases. *Simmons*, 209 F.Supp. 2d at 1033. Jury verdicts in various discrimination cases in California

3  reflect that were Plaintiff to prevail at trial, his damages would likely be in excess of the $75,000

4  threshold. *See, e.g., Roby v. McKesson, Corp.*, 47 Cal. 4th 686, 719-720 (2009) (jury award of

5  $15,000,000 in punitive damages in discrimination and wrongful termination case reduced to

6  $1,905,000); *Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App. 3d 503, 516 (1987) ($250,000

7  award of punitive damages upheld); *see also Haase v. Aerodynamics Inc.*, 2009 U.S. Dist. LEXIS

8  96563, *12-13 (E.D. Cal.), *citing Lopez v. Bimbo Bakeries USA, Inc.*, 2007 WL 1765192 (Cal.

9  Super. Ct. May 22, 2007) (awarding over $2,000,000 in a failure to accommodate and wrongful

10  termination case).

11          (4)    Plaintiff also seeks to recover for attorneys' fees and costs. Complaint ¶¶ 23,

12  30, 37, 58, 64, 73, Prayer for Relief. For a prevailing party under the FEHA, attorneys' fees are

13  recoverable as a matter of right. *See* Cal. Govt. Code § 12965(b). Accordingly, they can be

14  considered when determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d

15  1150, 1156 (9th Cir. 1998) ("When an underlying statute authorizes an award of attorneys' fees . . .

16  such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243

17  F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys'

18  fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in

19  controversy exceeds $75,000). This amount alone can exceed the damage award and further support

20  that the amount in controversy exceeds the amount in controversy requirement for diversity

21  jurisdiction. *See Simmons*, 209 F.Supp. 2d at 1035 ("attorneys' fees in individual discrimination

22  cases often exceed the damages"); *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) ($1,088,231 award

23  of attorneys' fees under the FEHA upheld); *Akers v. County of San Diego*, 95 Cal. App. 4th 1441,

24  1445 (2002) ($249,345 in attorneys' fees awarded in wrongful termination and pregnancy/gender

25  discrimination case). Based upon the foregoing, the amount in controversy in this matter appears to

26  well exceed the jurisdictional minimum of $75,000. Accordingly, this action is a civil action over

27  which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed

28  to this Court by the State Farm Defendants pursuant to 28 U.S.C. § 1441 based on diversity

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

Firmwide:96838541.1 021168.1093          9.          Case No.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1  jurisdiction.

## IV.
## NOTICE OF REMOVAL IS PROCEDURALLY PROPER

18.     Pursuant to 28 U.S.C. § 1441(a), venue is proper as this case may be removed to the United States District Court for the Eastern District of California.

19.     Defendants' counsel acknowledged service of process on behalf of Defendants as of July 19, 2010. *See* Webster Decl. ¶ 2. The State Farm Defendants have filed this notice within 30 days after receiving the pleadings from which they could first determine that this action was removable, and less than one year after commencement of this action. Thus, removal is timely and proper pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

20.     In accordance with 28 U.S.C. § 1446, copies of all process and papers filed in the Superior Court of the State of California for the County of Sacramento are attached to this Notice of Removal as Exhibit A.

## V.
## CONCLUSION AND REQUESTED RELIEF

For the reasons describe above, Plaintiff's claims are properly removable under 28 U.S.C. § 1441(a) and (b).   Accordingly, the State Farm Defendants respectfully request that this Court proceed with this matter as if it had been originally filed herein.

Dated: August 18, 2010

/s/ *Benjamin L. Webster*
BENJAMIN L. WEBSTER
BARBARA A. BLACKBURN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
STATE FARM FIRE AND CASUALTY
COMPANY, STATE FARM GENERAL
INSURANCE COMPANY, STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY (incorrectly sued as State Farm
Mutual Insurance Company), and JEANNE M.
DIETRICH

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916.830.7200

Firmwide:96838541.1 021168.1093          10.          Case No.
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

# Exhibit "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

State Farm Fire & Casualty Company, State Farm General Insurance
Co., State Farm Mutual Automobile Insurance Co., Jeanne M. Dietrich
DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SCOTT WIDDER

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|
| **FILED** Superior Court Of California, Sacramento |
| 07/13/2010 |
| lgutierrez2 |
| By _____ , Deputy |
| Case Number: **34-2010-00082489** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is *(El nombre y dirección de la corte es)*  Superior Court, Sacramento County, CA | CASE NUMBER *(Número del Caso)* |
|---|---|
| 720 Ninth Street, Sacramento, California  95814 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
ANTHONY M. PEREZ, JR., Perez Law Offices 400 Capitol Mall, Sacramento, CA  95814  916-441-0500

| DATE *(Fecha)*  JUL 13 2010 | Clerk, by *(Secretario)* _____ , Deputy *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

**Exhibit A**

1  **PEREZ LAW OFFICES**
   Anthony M. Perez, Jr., SB 113041
2  Natalya Kozlova Grunwald SB 265084
   Wells Fargo Center
3  400 Capitol Mall Suite 1100
   Sacramento, California 95814
4  Telephone: (916) 441-0500
   Facsimile: (916) 441-0555
5
   Attorneys for Plaintiff,
6  SCOTT WIDDER

**FILED**
Superior Court Of California,
Sacramento

**07/13/2010**

lgutierrez2

By_____ , Deputy
Case Number:
**34-2010-00082489**

7

8                   SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF **SACRAMENTO**

Department
Assignments
Case Management 44
10                                                           Law and Motion 53
                                                             Minors Compromise 16

11  **SCOTT WIDDER**                  Case No.

12                        Plaintiff,  **COMPLAINT FOR DAMAGES**

13  v.                                1.  **DISABILILTY DISCRIMINATION**
                                          (California Government Code § 12940 (a))
14  **STATE FARM FIRE AND**           2.  **FAILURE TO ACCOMMODATE**
    **CASUALTY COMPANY,**                 **DISABILITIES**
15  **STATE FARM GENERAL**                (California Government Code § 12940 (m))
    **INSURANCE COMPANY,**            3.  **FAILURE TO ENGAGE IN THE**
16  **STATE FARM MUTUAL**                 **INTERACTIVE PROCESS**
    **AUTOMOBILE**                        (California Government Code § 12940 (n))
17  **INSURANCE COMPANY,**            4.  **BREACH OF IMPLIED CONTRACT**
    **JEANNE M. DIETRICH,**           5.  **BREACH OF COVENANT OF GOOD**
18  **DOES I through 100,**               **FAITH AND FAIR DEALING**
                                      6.  **RETALIATION**
19                                        (California Government Code § 12940 (h))
                         Defendants.  7.  **WRONGFUL TERMINATION IN**
20  _____/            **VIOLATION OF PUBLIC POLICY**
                                      8.  **HARASSMENT IN VIOLATION OF FEHA**
21                                        (California Government Code § 12940 (j)

22                                        **DEMAND FOR JURY TRIAL**

23      Plaintiff SCOTT WIDDER hereby alleges:

24                        **GENERAL ALLEGATIONS**

25      1.    Plaintiff, SCOTT WIDDER, hereinafter referred to as "Plaintiff," is, and at all times

26  relevant herein, was a resident of Sacramento County, California and was an employee of Defendants

27  in Sacramento County, California.  All acts, errors, omissions, negligence, negligent supervision,

28                                        PLAINTIFF'S COMPLAINT FOR DAMAGES

1  employee training, and other events giving rise to this action occurred in Sacramento County.

2  Plaintiff has exhausted all of his administrative remedies and has been provided Right to Sue Letters

3  as to all Defendants.

4      2.    Defendants STATE FARM FIRE AND CASUALTY COMPANY, STATE

5  FARM GENERAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE

6  INSURANCE COMPANY, hereinafter collectively referred to as "State Farm or Defendants" are

7  entities for which Plaintiff worked for and are responsible for all acts giving rise to this action.

8      3.    Defendant JEANNE M. DIETRICH is a Claims Manager for State Farm and at all

9  times mentioned herein was a resident of California overseeing Plaintiff's employment in

10  Sacramento County.

11      4.    Plaintiff, upon information and belief, alleges that Defendant State Farm is and at

12  all times relevant herein was a business duly licensed to do business under the laws of the State of

13  California with a principal operations center located in Sacramento County, California.

14      5.    Plaintiff was an employee of Defendants from June 1982 to March 17, 2010 for

15  more than 28 years and resides in Sacramento County, California .

16      6.    Individually named Defendants are responsible for the hiring, transferring and

17  firing of employees including Plaintiff, and are responsible for policy decisions, and have substantial

18  discretionary authority that ultimately determined the corporate policy.   Said Defendants are

19  responsible for the acts of their managing agents and employees as if they had performed the acts

20  alleged. At all times, individual Defendants had the authority to fire, promote, demote or transfer

21  Plaintiff.

22      7.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

23  Does 1-100 inclusive, and therefore sues these Defendants by such fictitious names.   Plaintiff will

24  amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is

25  informed and believes and thereon alleges that each of the fictitiously named Defendants is

26  responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein

27

28                                                       

1   alleged were proximately caused by their conduct.

2          8.      Upon information and belief, Plaintiff alleges that all Defendants herein, including

3   Does 1-100, at all times mentioned were the agents and employees of their co-defendants and in doing

4   the things hereinafter alleged and were acting within the course and scope of such agency and the

5   permission and consent of their co-defendants.

6          9.      Plaintiff, SCOTT WIDDER is 51 years old, worked 28 years for State Farm and

7   received excellent performance reviews throughout the course of his employment.   Plaintiff's last

8   position with State Farm was Claims Section Manager making approximately $140,000 per year not

9   including additional bonuses, benefits and retirement contributions.

10        10.     Plaintiff during the course of his employment with State Farm received multiple

11   salary adjustments, promotions, performance related bonuses, excellent performance reviews and was

12   promised continued employment throughout his employment with State Farm. It has always been the

13   policy and practice of State Farm that employees cannot be terminated without good cause.

14        11.     In the Fall of 2009, Plaintiff was formally diagnosed with severe depression and

15   received treatment in connection said disability.  Plaintiff advised State Farm of his disability and

16   requested a position transfer as a reasonable accommodation consistent with what health care

17   providers were recommending.  State Farm never responded.

18        12.     In January of 2010 Plaintiff was out on approved medical leave for his disability

19   and provided State Farm medical information to support his diagnosis of severe depression and other

20   conditions. From January 2010 to March 2010 Plaintiff entered a group therapy program for 8 weeks

21   requiring him to attend sessions lasting 5 to 6 hours on a daily basis excluding weekends. State Farm

22   at all times relevant was aware of Plaintiff's medical condition, acknowledged that he was disabled

23   within the definition of the law and believed that Plaintiff suffered from a disability.

24        13.     In March 2010 Plaintiff's health care providers corresponded to the State Farm

25   Medical Director advising him that it was their recommendation that Plaintiff be transferred to

26   another position as a reasonable accommodation.  In response State Farm failed to engage in the

27                                      PLAINTIFF'S COMPLAINT FOR DAMAGES

28                                     2

1  interactive  process and with knowledge of Plaintiff's request for reasonable accommodation,

2  intentionally discriminated against Plaintiff by terminating him from his employment of 28 years in

3  response to Plaintiff's request for accommodation.

4       14.    State Farm retaliated against Plaintiff for exercising his right to medical disability

5  leave,  for requesting reasonable accommodation and for being disabled or thought to be disabled.

6       15.    Plaintiff's immediate supervisor, Jeanne M. Dietrich, harassed Plaintiff because of

7  his disability by treating him unfairly and ridiculing his work knowing Plaintiff was disabled.

8  Dietrich would avoid all of Plaintiff's, and Plaintiff's physicians', requests for reasonable

9  accommodations and would intentionally write false evaluations of Plaintiff's work while he was on

10  approved medical leave.

11  **FIRST CAUSE OF ACTION**

12  **DISABILITY DISCRIMINATION**
**California Government Code § 12940(a)**
13  **(Against All Corporate Defendants)**

14

15       16.    Plaintiff hereby re alleges and incorporates by reference as though fully set forth

16  herein the allegations contained in paragraphs 1-15.  This cause of action is pled against all

Defendants.

17       17.    The Fair Employment and Housing Act ("FEHA") codified in Government Code

18  §12940, et seq. Makes it unlawful for an employer to discriminate against an employee on the basis

19  of the employee's disabilities.

20       18.    Defendants engaged in unlawful employment practices in violation of the FEHA

21  by terminating Plaintiff from his position as Claims Section Manager on the basis of his disability,

22  failing to engage in good faith in the interactive process to determine if Plaintiff could be given a

23  reasonable accommodation and failing to provide Plaintiff with a reasonable accommodation.

24       19.    Plaintiff is informed and believes and based thereon alleges that his disabilities were

25  motivating factors in Defendants' decision to terminate his employment, and were also  motivating

26

27  PLAINTIFF'S COMPLAINT FOR DAMAGES

28

1  factors for the other discriminatory acts against him, in violation of California Government Code
2  § 12940(a).

3      20.     As a proximate result of the wrongful conduct of Defendants, and each of them,
4  Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment
5  benefits in an amount according to proof at the time of trial.

6      21.     As a proximate result of the acts of Defendants, Plaintiff has suffered humiliation,
7  embarrassment, mental and emotional distress, increased physical pain, and discomfort in the form
8  of fatigue, nervousness, anxiety, nausea, gastrointestinal disorders, worry, indignity and insomnia.

9      22.     In committing the foregoing acts, officers, directors, and/or managing agents of
10 Defendants were guilty of malice, fraud and oppression, and acted in conscious disregard of
11 Plaintiff's rights, and Plaintiff is therefore also entitled to an award of punitive damages in addition
12 to the actual damages caused thereby, for the sake of example and by way of punishing Defendants.

13     23.     As a direct result of the acts alleged above, Plaintiff has had to hire the services of
14 an attorney.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is
15 entitled to an award of attorney's fees and costs pursuant to California Government Code,
16 §12965(b).

17     WHEREFORE Plaintiff prays judgment as set forth below.

18

19              **SECOND  CAUSE OF ACTION**

20          **FAILURE TO ACCOMMODATE DISABILITIES**

21            **California Government Code § 12940(m)**
              **(Against All Corporate Defendants)**

22

23     24.     Plaintiff hereby re-alleges and incorporates by reference as though fully set forth
24 herein, the allegations contained in paragraphs 1 through 23.  This cause of action is pled against
25 all Corporate Defendants.

26     25.     California Government Code §12940(m) provides that it is unlawful for an

27                                         PLAINTIFF'S COMPLAINT FOR DAMAGES

28                                    4

1 employer to fail to make reasonable accommodations for the known physical disabilities of an
2 employee.

3      26.    Defendants failed to make reasonable accommodations for Plaintiff's known
4 disabilities and, instead continually harassed him and discharged him from his employment.

5      27.    As a proximate result of the wrongful conduct of Defendants, and each of them,
6 Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment
7 benefits in amounts according to proof at the time of trial.

8      28.    As a proximate result of the acts of Defendants, Plaintiff has suffered humiliation,
9 embarrassment, mental and emotional distress, increased physical pain, and discomfort in the form
10 of fatigue, nervousness, anxiety, nausea, gastrointestinal disorders, worry, indignity and insomnia.

11      29.    In committing the foregoing acts, officers, directors, and/or managing agents of
12 Defendants were guilty of malice, fraud and oppression, and acted in conscious disregard of
13 Plaintiff's rights, and Plaintiff is therefore also entitled to an award of punitive damages in addition
14 to the actual damages caused thereby, for the sake of example and by way of punishing Defendants.

15      30.    As a direct result of the acts alleged above, Plaintiff has had to hire the services of
16 an attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is
17 entitled to an award of attorney's fees and costs pursuant to California Government Code,
18 §12965(b).

19      WHEREFORE Plaintiff prays judgment as set forth below.

## THIRD CAUSE OF ACTION

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**
California Government Code § 12940(n)
**(Against All Corporate Defendants)**

31.    Plaintiff hereby re-alleges and incorporates by reference as though fully set forth
herein, the allegations contained in paragraphs 1 through 30. This cause of action is pled against all
Corporate Defendants.

32.    California Government Code §12940(m) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodation, if any.

33.    Defendants failed to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations for Plaintiff's known disabilities, and instead Plaintiff was discharged from his employment.

34.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in amounts according to proof at the time of trial.

35.    As a proximate result of the acts of Defendants, Plaintiff has suffered humiliation, embarrassment, mental and emotional distress, increased physical pain, and discomfort in the form of fatigue, nervousness, anxiety, nausea, gastrointestinal disorders, worry, indignity and insomnia.

36.    In committing the foregoing acts, officers, directors, and/or managing agents of Defendants were guilty of malice, fraud and oppression, and acted in conscious disregard of Plaintiff's rights, and Plaintiff is therefore also entitled to an award of punitive damages in addition to the actual damages caused thereby, for the sake of example and by way of punishing Defendants.

37.    As a direct result of the acts alleged above, Plaintiff has had to hire the services of an attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorney's fees and costs pursuant to California Government Code, §12965(b).

WHEREFORE Plaintiff prays judgment as set forth below.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED CONTRACT
### (Against All Corporate Defendants)

38.     Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 37, inclusive.  This cause of action is pled against all Corporate Defendants.

39.     On or about February 22, 1982 Plaintiff and Defendant State Farm entered into an employment agreement pursuant to which Plaintiff agreed to work for said Defendant.  This agreement was evidenced in various writings, oral representations and policies that provided that Plaintiff could not be terminated without good, just or legitimate cause.   This implied contract is evidenced by the following:

This implied contract is evidenced by the following:

    a)    Defendant's policies that provide that plaintiff  can only be terminated for good cause;

    b)    Correspondence between plaintiff and defendant confirming the terms and conditions of employment;

    c)    Written performance appraisals;

    d)    Oral communications outlining the terms and conditions of plaintiffs' employment.

    e)    Merit salary adjustments, promotions and bonuses;

    f)    Years of employment with defendant;

    g)    Promises of continued employment with defendant;

    h)    The practices of the company;

    i)    Other evidence showing plaintiff could not be terminated without good, just and a legitimate cause.

40.   The terms of the employment contract included, but were not limited to:

a.   Plaintiff would be able to continue his employment with State Farm indefinitely so long as he carried out his duties in a proper and competent manner;

b.   Plaintiff would not be demoted, discharged, or disciplined, nor would Plaintiff's job functions be reassigned for other than good cause with notice thereof and an opportunity to improve any performance problems;

c.   If grievances or complaints were lodged regarding Plaintiff performance or if he were informed that his services were no longer needed, he would be given reasonable notice thereof and a meaningful opportunity to respond.

d.   Plaintiff would comply with all laws of the State of California;

e.   Defendant State Farm would fully comply with all laws of the State of California;

f.   Plaintiff would not be demoted, discharged, or disciplined without good and sufficient cause, and would not have his job functions taken away or reassigned without notice and cause;

g.   Plaintiff would not be discriminated against based on race, creed, color, gender, age or disabilities.

41.   Plaintiff has diligently conformed and fulfilled all responsibilities, conditions and obligations required of him under the contract(s).

42.   Again and again during his employment, Plaintiff received "exceeds objectives" and outstanding performance reviews by his superiors at State Farm including his last performance review. In addition, Plaintiff received annual increases in his salary, characterized by State Farm as merit increases.

43.   Plaintiff's contract, in addition to the above, and in part, is based upon:

a.   The practices of the company;

PLAINTIFF'S COMPLAINT FOR DAMAGES

8

|   |   |   |
|---|---|---|
| 1 | b. | Greater than 28 years of employment with State Farm; |
| 2 | c. | Promises of continued employment; |
| 3 | d. | Representations and statements made by managing agents and supervisors |
| 4 |   | of the company, and, |
| 5 | e. | Promotions, merit salary increases and special awards. |

44.     Defendant breached the aforementioned agreement in that without prior notice, on March 17, 2010, Plaintiff was told that he was terminated for reasons that were pretextual. The reason given by Defendants was not true and Defendants' action constituted a breach of the employment contract. Specifically, Plaintiff alleges that Defendant State Farm breached the employment contract in that:

      a.    Defendant did not have good cause to terminate Plaintiff; and,

      b.    Plaintiff was terminated in violation of laws of the State of California (including, but not limited to, the Fair Employment and Housing Act);

45.     As a direct and foreseeable result of Defendant's breach of the aforementioned employment contract, Plaintiff has suffered and will continue to suffer substantial losses in earnings, bonuses, deferred compensation, stock, stock options, and other employment benefits which he would have received had Defendant not breached said agreement, plus incidental expenses, including expenses in seeking substitute employment, all in a sum the amount of which will be more specifically proven at trial.

46.     As a direct and foreseeable result of Defendant's breach of the aforementioned employment contract, Plaintiff has suffered and will continue to suffer damages in an amount that will be more specifically proven at trial.

PLAINTIFF'S COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against All Corporate Defendants)

47.     Plaintiff incorporates herein by reference Paragraphs 1 through 46, inclusive.

48.     The above alleged employment agreements, each and all, contained an implied covenant of good faith and fair dealing by which Defendant State Farm  promised to give full cooperation to Plaintiff and his performance under said employment contracts and to refrain from doing any act which would prevent or impede Plaintiff's enjoyment of the fruits of said contract. Specifically, said covenant of good faith and fair dealing required Defendant State Farm  to fairly, honestly, and reasonably perform the terms and conditions of the agreement.

49.     The primary motivation of Plaintiff in entering into the above-stated employment contracts were to obtain secure employment and terms and conditions of employment which would permit their growth and development within their field, as well as to allow their substantial autonomy, freedom of action, and a supportive work environment.  Plaintiff unsophisticated in the making of such contract as alleged herein, was  in an inherently unequal bargaining position in their dealings with Defendant State Farm, a large and powerful organization.  In addition, once Plaintiff committed himself to the above-stated contracts, and took the reasonable actions alleged herein in reliance, Plaintiff was placed in a particularly vulnerable position because few openings existed for persons of his age, educational level, experience, and qualifications.  Plaintiff entrusted his entire livelihood to Defendants' willingness to perform its obligations under the contract, and risked suffering grave harm if Defendants failed to perform.  Defendants were aware of Plaintiff's vulnerability in this regard.

50.     Plaintiff is informed and believes and thereon alleges that Defendant State Farm breached the covenant of good faith and fair dealing by not conducting any reasonable investigation concerning its obligations under said contract, terminating Plaintiff without good or sufficient cause and for reasons extraneous to the contract, and by frustrating Plaintiff's enjoyment of the benefits of

1  the contract.

2      51.     As a direct and foreseeable result of Defendant's breach of the aforementioned

3  employment contract, Plaintiff has suffered and will continue to suffer substantial losses in

4  earnings, bonuses, deferred compensation, stock, stock options, and other employment benefits

5  which he would have received had Defendant not breached said agreements, plus incidental

6  expenses, including expenses in seeking substitute employment, all in a sum the amount of which

7  will be more specifically proven at trial.

8      52.     As a direct and foreseeable result of Defendant's breach of the aforementioned

9  employment contract, Plaintiff has suffered and will continue to suffer damages in an amount that

10  will be more specifically proven at trial.

11

12                              **SIXTH CAUSE OF ACTION**

13                                   **RETALIATION**
                          **California Government Code § 12940(h)**
14                          **(Against All Corporate Defendants)**

15

16      53.     Plaintiff hereby re-alleges and incorporates by reference as though fully set forth

17  herein, the allegations contained in paragraphs 1 through 52.  This cause of action is pled against

18  all Corporate Defendants.

19      54.     During his employment, Plaintiff engaged in protected activities by asserting his

20  right to reasonable accommodation and protesting against discrimination and harassment based on

21  his disabilities.  Plaintiff believes, and thereon alleges, that Defendants' adverse actions taken

22  against him as set forth herein occurred in retaliation for Plaintiff asserting his right to reasonable

23  accommodation and for protesting against discrimination and harassment.

24      55.     As a proximate result of the wrongful conduct of Defendants, and each of them,

25  Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment

26  benefits in amounts according to proof at the time of trial.

27                                                      PLAINTIFF'S COMPLAINT FOR DAMAGES

28                                            11

56. As a proximate result of the acts of Defendants, Plaintiff has suffered humiliation, embarrassment, mental and emotional distress, increased physical pain, and discomfort in the form of fatigue, nervousness, anxiety, nausea, gastrointestinal disorders, worry, indignity and insomnia.

57. In committing the foregoing acts, officers, directors, and/or managing agents of Defendants were guilty of malice, fraud and oppression, and acted in conscious disregard of Plaintiff's rights, and Plaintiff is therefore also entitled to an award of punitive damages in addition to the actual damages caused thereby, for the sake of example and by way of punishing Defendants.

58. As a direct result of the acts alleged above, Plaintiff has had to hire the services of an attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorney's fees and costs pursuant to California Government Code, §12965(b).

WHEREFORE Plaintiff prays judgment as set forth below.

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
#### (Against All Corporate Defendants)

59. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 58 . This cause of action is pled against all Corporate Defendants.

60. Defendants and each of them, were motivated to terminate Plaintiff's employment on grounds that violate California public policies against terminating an employee in violation of the FEHA.

61. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in amounts according to proof at the time of trial.

62. As a proximate result of the acts of Defendants, Plaintiff has suffered humiliation,

1  embarrassment, mental and emotional distress, increased physical pain, and discomfort in the form
2  of fatigue, nervousness, anxiety, nausea, gastrointestinal disorders, worry, indignity and insomnia.

3       63.    In committing the foregoing acts, officers, directors, and/or managing agents of
4  Defendants were guilty of malice, fraud and oppression, and acted in conscious disregard of
5  Plaintiff's rights, and Plaintiff is therefore also entitled to an award of punitive damages in addition
6  to the actual damages caused thereby, for the sake of example and by way of punishing Defendants.

7       64.    As a direct result of the acts alleged above, Plaintiff has had to hire the services of
8  an attorney.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is
9  entitled to an award of attorney's fees and costs pursuant to California Government Code,
10  §12965(b).

11       WHEREFORE Plaintiff prays judgment as set forth below.
12
13                           **EIGHTH CAUSE OF ACTION**

14                 **HARASSMENT BASED ON DISABILITY**
               **California Government Code § 12940, et. seq.**
15         **(Against All Corporate Defendants and Jeanne M. Dietrich)**

16       65.    Plaintiff hereby re-alleges and incorporates by reference as though fully set forth
17  herein, the allegations contained in paragraphs 1 through 64.  This cause of action is pled against
18  all Corporate Defendants and Jeanne M. Dietrich.

19       66.    At all times mentioned herein, California Government Code §12940, et. seq. were
20  in full force and effect and were binding on Defendants .  These sections required Defendants to
21  refrain from discriminating against or harassing any employees on the basis of disability and to
22  take all reasonable steps to prevent discrimination and harassment.

23       67.    The acts of Defendants, and each of them, as described more fully above,
24  constitute a pattern and continuous course of harassment on the basis of disability in violation of
25  California Government Code §12940 (j)(1).

26       68.    As a proximate result of the wrongful conduct of Defendants, and each of them,

27                               PLAINTIFF'S COMPLAINT FOR DAMAGES

28                            13

1 | Plaintiff has suffered and continues to suffer, general damages consisting of compensation for having

2 | to endure an oppressive working environment, in a sum according to proof at the time of trial.

3 | 69. The acts herein alleged were committed maliciously, fraudulently and

4 | oppressively, with the wrongful intention of injuring Plaintiff from an improper and evil motive,

5 | amounting to malice and in conscious disregard of the rights of Plaintiff. Plaintiff is informed and

6 | believes, and thereon alleges that officers, directors, and/or managing agents of Defendants, and each

7 | of them, knew of the probable injurious consequences of continued discrimination and harassment

8 | of Plaintiff, but deliberately failed to avoid these consequences by failing to restrain State Farm

9 | managers and supervisors from engaging in unlawful, discriminatory harassment.

10 | 70. As a proximate result of the acts of Defendants, Plaintiff has suffered humiliation,

11 | embarrassment, mental and emotional distress, increased physical pain, and discomfort in the form

12 | of fatigue, nervousness, anxiety, nausea, gastrointestinal disorders, worry, indignity and insomnia.

13 | 71. As a proximate result of Defendants' willful, knowing, and intentional acts of

14 | harassment of Plaintiff, Plaintiff has sustained losses in earnings and other employment benefits.

15 | 72. In committing the foregoing acts, officers, directors, and/or managing agents of

16 | Defendants were guilty of malice, fraud and oppression, and acted in conscious disregard of

17 | Plaintiff's rights, and Plaintiff is therefore also entitled to an award of punitive damages in addition

18 | to the actual damages caused thereby, for the sake of example and by way of punishing Defendants.

19 | 73. As a direct result of the acts alleged above, Plaintiff has had to hire the services of

20 | an attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is

21 | entitled to an award of attorney's fees and costs pursuant to California Government Code,

22 | §12965(b).

23 | WHEREFORE Plaintiff prays judgment as set forth below.

24 | **PRAYER FOR RELIEF**

25 | 1. For general damages in a sum according to proof;

26 | 2. For compensatory damages;

27 |

28 |

3.    For medical and related expenses according to proof;

4.    For special damages, including but not limited to lost earnings and other employment benefits, past and future, according to proof, with interest thereon as allowed by law;

5.    For reasonable attorneys' fees and costs, pursuant to California Government Code §12965 and other statutes;

6.    For an award of interest, including prejudgment interest, at the legal rate.

7.    For punitive damages pursuant to California Civil Code §3294; and

8.    For all such other and further relief as the Court may deem just and proper.

Dated: July 13, 2010          PEREZ LAW OFFICES

By _____
      Anthony M. Perez, Jr.,
Attorney for Plaintiff, SCOTT WIDDER

## DEMAND FOR JURY TRIAL

Plaintiff, SCOTT WIDDER, hereby demands trial by jury.

Dated: July 13, 2010          PEREZ LAW OFFICES

By _____
      Anthony M. Perez, Jr.,
Attorney for Plaintiff, SCOTT WIDDER

PLAINTIFF'S COMPLAINT FOR DAMAGES

15



# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
### 720 Ninth Street, Room 102
### Sacramento, CA 95814-1380
### Telephone (916) 874-5522 – Website www.saccourt.com

---

## RETURNED DOCUMENT FORM

| | |
|---|---|
| Case Name: | Widder vs State Farm |
| Document Name: | New Case |
| Case Number: | 34201000082489 |

### ► The enclosed document(s) is/are returned for the following reasons(s):

| | | | |
|---|---|---|---|
| ☐ | Papers presented for filing shall be pre-punched with two holes at the top centered pursuant to CRC 2 133 | ☐ | Enclose a self-addressed, stamped envelope of the **appropriate size** for the return of conformed copies pursuant to CRC 3 1302(b) |
| ☐ | Must use local form pursuant to Local Rule 9 25 | ☐ | Original summons required for entry of default *(endorsed/filed copies are acceptable)* |
| ☐ | Complete information where indicated. | ☐ | Footer is required pursuant to CRC 2.110 |
| ☐ | Substitution of Attorney must be on adopted Judicial Council form pursuant to CRC 1 31 | ☐ | Document does not comply with CRC 2 100-2 119 |
| ☐ | A copy of the judgment is required for issuance of Writ or Abstract pursuant to Local Rule 9 27 | ☐ | Offer to Compromise does not comply with CRC 3 250(a) |
| ☐ | Civil Case Cover Sheet required pursuant to CRC 3 220(b)(1) | ☐ | We charge $15 00 for searching records or files, for each search longer than 10 minutes (includes index research) |
| ☐ | Proof of service required for. *(endorsed/filed copies are acceptable)* | ☐ | Substitution or association of attorney must have State Bar number, firm name, address and telephone number pursuant to Local Rule 3.18. |
| ☐ | Enclose a conformed copy of the judgment for | ☐ | The caption must specify that it is a "Limited Civil Case" pursuant to CCP 422 30 and CRC 2 111(10) |
| ☐ | Amount of demand required pursuant to GC 72055 and CRC 2 111(9) | ☐ | Requirements regarding venue have not been complied with pursuant to CCP 396a(a) |
| ☐ | Original signature required | ☐ | $   filing fee or fee waiver is required |
| ☐ | No record was found. | ☐ | Copies are .50¢ per page - submit |

☐ Other

---

| | |
|---|---|
| 7/13/2010 | L GUTIERREZ |
| Dated | Deputy Clerk |

Original - Customer • Copy - File

Returned Document Form

CV\I-104 (REV. 01-04-07)

**Exhibit "B"**

DISC-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: |
|---|
| PEREZ LAW OFFICES<br>Anthony M. Perez, Jr., SB# 113041<br>Wells Fargo Center  Suite 1100 400 Capitol Mall<br>Sacramento, California  95814 |

TELEPHONE NO.: 916-441-0500                      FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*: aperez@perezlawoffices.com

ATTORNEY FOR *(Name)*: Plaintiff SCOTT WIDDER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO

SHORT TITLE:

SCOTT WIDDER v. STATE FARM FIRE AND CASUALTY COMPANY, ET AL

| FORM INTERROGATORIES – EMPLOYMENT  LAW<br>Asking Party: PLAINTIFF SCOTT WIDDER<br>Answering Party: DEFENDANTS STATE FARM, ET AL<br>Set No.: ONE | CASE NUMBER:<br><br>34-2010-0082489 |
|---|---|

## Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in employment cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2. Instructions to the Asking Party

(a) These form interrogatories are designed for optional use by parties in employment cases. (Separate sets of interrogatories, *Form Interrogatories—General* (form DISC-001) and *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004) may also be used where applicable in employment cases.)

(b) Insert the names of the **EMPLOYEE** and **EMPLOYER** to whom these interrogatories apply in the definitions in sections 4(d) and (e) below.

(c) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(d) The interrogatories in section 211.0, Loss of Income Interrogatories to Employer, should not be used until the employer has had a reasonable opportunity to conduct an investigation or discovery of the employee's injuries and damages.

(e) Additional interrogatories may be attached.

## Sec. 3. Instructions to the Answering Party

(a) You must answer or provide another appropriate response to each interrogatory that has been checked below.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____                    _____
(DATE)                                                      (SIGNATURE)

## Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

| Form Approved for Optional Use<br>Judicial Council of California<br>DISC-002 [Rev. January 1, 2009] | FORM INTERROGATORIES–EMPLOYMENT LAW | Code of Civil Procedure,<br>§§ 2030.010–2030.410, 2033.710<br>www.courtinfo.ca.gov |
|---|---|---|

**Exhibit B**

DISC-002

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **EMPLOYMENT** means a relationship in which an **EMPLOYEE** provides services requested by or on behalf of an **EMPLOYER**, other than an independent contractor relationship.

(d) **EMPLOYEE** means a **PERSON** who provides services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYEE** refers to *(insert name):*


*(If no name is inserted, EMPLOYEE means all such PERSONS.)*

(e) **EMPLOYER** means a **PERSON** who employs an **EMPLOYEE** to provide services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYER** refers to *(insert name):*

State Farm -

*(If no name is inserted, EMPLOYER means all such PERSONS.)*

(f) **ADVERSE EMPLOYMENT ACTION** means any **TERMINATION**, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act that adversely affects the **EMPLOYEE'S** rights or interests and which is alleged in the **PLEADINGS**.

(g) **TERMINATION** means the actual or constructive termination of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

(h) **PUBLISH** means to communicate orally or in writing to anyone other than the plaintiff. This includes communications by one of the defendant's employees to others. *(Kelly v. General Telephone Co.* (1982) 136 Cal.App.3d 278, 284.)

(i) **PLEADINGS** means the original or most recent amended version of any complaint, answer, cross-complaint, or answer to cross-complaint.

(j) **BENEFIT** means any benefit from an **EMPLOYER,** including an "employee welfare benefit plan" or employee pension benefit plan" within the meaning of Title 29 United States Code section 1002(1) or (2) or ERISA.

(k) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(l) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(m) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories for employment law cases have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

200.0   Contract Formation
201.0   Adverse Employment Action
202.0   Discrimination Interrogatories to Employee
203.0   Harassment Interrogatories to Employee
204.0   Disability Discrimination
205.0   Discharge in Violation of Public Policy
206.0   Defamation
207.0   Internal Complaints
208.0   Governmental Complaints
209.0   Other Employment Claims by Employee or Against Employer
210.0   Loss of Income Interrogatories to Employee
211.0   Loss of Income Interrogatories to Employer
212.0   Physical, Mental, or Emotional Injuries—Interrogatories to Employee
213.0   Other Damages Interrogatories to Employee
214.0   Insurance
215.0   Investigation
216.0   Denials and Special and Affirmative Defenses
217.0   Response to Request for Admissions

**200.0   Contract Formation**

☑ 200.1  Do you contend that the **EMPLOYMENT** relationship was at "at will"? If so:

(a)   state all facts upon which you base this contention;

(b)   state the name, **ADDRESS,** and telephone number of each **PERSON** who has knowledge of those facts; and

(c)   identify all **DOCUMENTS** that support your contention.


☑ 200.2  Do you contend that the **EMPLOYMENT** relationship was not "at will"? If so:

(a)   state all facts upon which you base this contention;

(b)   state the name, **ADDRESS,** and telephone number of each **PERSON** who has knowledge of those facts; and

(c)   identify all **DOCUMENTS** that support your contention.


☑ 200.3  Do you contend that the **EMPLOYMENT** relationship was governed by any agreement—written, oral, or implied? If so:

(a)   state all facts upon which you base this contention;

(b)   state the name, **ADDRESS,** and telephone number of each **PERSON** who has knowledge of those facts; and

(c)   identify all **DOCUMENTS** that support your contention.

DISC-002

✓ **200.4** Was any part of the parties' **EMPLOYMENT** relationship governed in whole or in part by any written rules, guidelines, policies, or procedures established by the **EMPLOYER**? If so, for each **DOCUMENT** containing the written rules, guidelines, policies, or procedures:

    (a)    state the date and title of the **DOCUMENT** and a general description of its contents;

    (b)    state the manner in which the **DOCUMENT** was communicated to employees; and

    (c)    state the manner, if any, in which employees acknowledged either receipt of the **DOCUMENT** or knowledge of its contents.

✓ **200.5** Was any part of the parties' **EMPLOYMENT** relationship covered by one or more collective bargaining agreements or memorandums of understanding between the **EMPLOYER** (or an association of employers) and any labor union or employee association? If so, for each collective bargaining agreement or memorandum of understanding, state:

    (a)    the names and **ADDRESSES** of the parties to the collective bargaining agreement or memorandum of understanding;

    (b)    the beginning and ending dates, if applicable, of the collective bargaining agreement or memorandum of understanding; and

    (c)    which parts of the collective bargaining agreement or memorandum of understanding, if any, govern (1) any dispute or claim referred to in the **PLEADINGS** and (2) the rules or procedures for resolving any dispute or claim referred to in the **PLEADINGS**.

✓ **200.6** Do you contend that the **EMPLOYEE** and the **EMPLOYER** were in a business relationship other than an **EMPLOYMENT** relationship? If so, for each relationship:

    (a)    state the names of the parties to the relationship;

    (b)    identify the relationship; and

    (c)    state all facts upon which you base your contention that the parties were in a relationship other than an **EMPLOYMENT** relationship.

**201.0   Adverse Employment Action**

✓ **201.1** Was the **EMPLOYEE** involved in a **TERMINATION**? If so:

    (a)    state all reasons for the **EMPLOYEE'S TERMINATION**;

    (b)    state the name, **ADDRESS**, and telephone number of each **PERSON** who participated in the **TERMINATION** decision;

    (c)    state the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in the **TERMINATION** decision; and

    (d)    identify all **DOCUMENTS** relied upon in the **TERMINATION** decision.

✓ **201.2** Are there any facts that would support the **EMPLOYEE'S TERMINATION** that were first discovered after the **TERMINATION**? If so:

    (a)    state the specific facts;

    (b)    state when and how **EMPLOYER** first learned of each specific fact;

    (c)    state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the specific facts; and

    (d)    identify all **DOCUMENTS** that evidence these specific facts.

✓ **201.3** Were there any other **ADVERSE EMPLOYMENT ACTIONS**, including *(the asking party should list the ADVERSE EMPLOYMENT ACTIONS)*:

If so, for each action, provide the following:

    (a)    all reasons for each **ADVERSE EMPLOYMENT ACTION**;

    (b)    the name, **ADDRESS**, and telephone number of each **PERSON** who participated in making each **ADVERSE EMPLOYMENT ACTION** decision;

    (c)    the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision; and

    (d)    the identity of all **DOCUMENTS** relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision.

✓ **201.4** Was the **TERMINATION** or any other **ADVERSE EMPLOYMENT ACTIONS** referred to in Interrogatories 201.1 through 201.3 based in whole or in part on the **EMPLOYEE'S** job performance? If so, for each action:

    (a)    identify the **ADVERSE EMPLOYMENT ACTION**;

    (b)    identify the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**;

    (c)    identify any rules, guidelines, policies, or procedures that were used to evaluate the **EMPLOYEE'S** specific job performance;

    (d)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who had responsibility for evaluating the specific job performance of the **EMPLOYEE**;

    (e)    state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the EMPLOYEE'S specific job performance that played a role in that ADVERSE EMPLOYMENT ACTION; and

    (f)    describe all warnings given with respect to the **EMPLOYEE'S** specific job performance.

DISC-002

[✓] 201.5  Was any **PERSON** hired to replace the **EMPLOYEE'S TERMINATION** or demotion? If so, state the **PERSON'S** name, job title, qualifications, **ADDRESS** and telephone number, and the date the **PERSON** was hired.

[✓] 201.6  Has any **PERSON** performed any of the **EMPLOYEE'S** former job duties after the **EMPLOYEE'S TERMINATION** or demotion? If so:
(a)  state the **PERSON'S** name, job title, **ADDRESS,** and telephone number;
(b)  identify the duties; and
(c)  state the date on which the **PERSON** started to perform the duties.

[✓] 201.7  If the **ADVERSE EMPLOYMENT ACTION** involved the failure or refusal to select the **EMPLOYEE** (for example, for hire, promotion, transfer, or training), was any other **PERSON** selected instead? If so, for each **ADVERSE EMPLOYMENT ACTION**, state the name, **ADDRESS,** and telephone number of each **PERSON** selected; the date the **PERSON** was selected; and the reason the **PERSON** was selected instead of the **EMPLOYEE.**

**202.0    Discrimination—Interrogatories to Employee**

[ ] 202.1  Do you contend that any **ADVERSE EMPLOYMENT ACTIONS** against you were discriminatory? If so:
(a)  identify each **ADVERSE EMPLOYMENT ACTION** that involved unlawful discrimination;
(b)  identify each characteristic (for example, gender, race, etc.) on which you base your claim or claims of discrimination;
(c)  state all facts upon which you base each claim of discrimination;
(d)  state the name, **ADDRESS,** and telephone number of each **PERSON** with knowledge of those facts; and
(e)  identify all **DOCUMENTS** evidencing those facts.

[ ] 202.2  State all facts upon which you base your contention that you were qualified to perform any job which you contend was denied to you on account of unlawful discrimination.

**203.0    Harassment—Interrogatories to Employee**

[ ] 203.1  Do you contend that you were unlawfully harassed in your employment? If so:
(a)  state the name, **ADDRESS,** telephone number, and employment position of each **PERSON** whom you contend harassed you;
(b)  for each **PERSON** whom you contend harassed you, describe the harassment;

(c)  identify each characteristic (for example, gender, race, age, etc.) on which you base your claim of harassment;
(d)  state all facts upon which you base your contention that you were unlawfully harassed;
(e)  state the name, **ADDRESS,** and telephone number of each **PERSON** with knowledge of those facts; and
(f)  identify all **DOCUMENTS** evidencing those facts.

**204.0    Disability Discrimination**

[ ] 204.1  Name and describe each disability alleged in the **PLEADINGS.**

[ ] 204.2  Does the **EMPLOYEE** allege any injury or illness that arose out of or in the course of **EMPLOYMENT?** If so, state:
(a)  the nature of such injury or illness;
(b)  how such injury or illness occurred;
(c)  the date on which such injury or illness occurred;
(d)  whether **EMPLOYEE** has filed a workers' compensation claim. If so, state the date and outcome of the claim; and
(e)  whether **EMPLOYEE** has filed or applied for disability benefits of any type. If so, state the date, identify the nature of the benefits applied for, and the outcome of any such application.

[✓] 204.3  Were there any communications between the **EMPLOYEE** (or the **EMPLOYEE'S HEALTH CARE PROVIDER**) and the **EMPLOYER** about the type or extent of any disability of **EMPLOYEE?** If so:
(a)  state the name, **ADDRESS,** and telephone number of each person who made or received the communications;
(b)  state the name, **ADDRESS,** and telephone number of each **PERSON** who witnessed the communications;
(c)  describe the date and substance of the communications; and
(d)  identify each **DOCUMENT** that refers to the communications.

[✓] 204.4  Did the **EMPLOYER** have any information about the type, existence, or extent of any disability of **EMPLOYEE** other than from communications with the **EMPLOYEE** or the **EMPLOYEE'S HEALTH CARE PROVIDER?** If so, state the sources and substance of that information and the name, **ADDRESS,** and telephone number of each **PERSON** who provided or received the information.

[✓] 204.5  Did the **EMPLOYEE** need any accommodation to perform any function of the **EMPLOYEE'S** job position or need a transfer to another position as an accommodation? If so, describe the accommodations needed.

DISC-002

☑ 204.6  Were there any communications between the **EMPLOYEE** (or the **EMPLOYEE'S HEALTH CARE PROVIDER**) and the **EMPLOYER** about any possible accommodation of **EMPLOYEE**? If so, for each communication:

(a) state the name, **ADDRESS**, and telephone number of each **PERSON** who made or received the communication;

(b) state the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed the communication;

(c) describe the date and substance of the communication; and

(d) identify each **DOCUMENT** that refers to the communication.

☑ 204.7  What did the **EMPLOYER** consider doing to accommodate the **EMPLOYEE**? For each accommodation considered:

(a) describe the accommodation considered;

(b) state whether the accommodation was offered to the **EMPLOYEE**;

(c) state the **EMPLOYEE'S** response; or

(d) if the accommodation was not offered, state all the reasons why this decision was made;

(e) state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of **EMPLOYER** made any decision about what accommodations, if any, to make for the **EMPLOYEE**; and

(f) state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of the **EMPLOYER** made or received any communications about what accommodations, if any, to make for the **EMPLOYEE**.

**205.0  Discharge in Violation of Public Policy**

☐ 205.1  Do you contend that the **EMPLOYER** took any **ADVERSE EMPLOYMENT ACTION** against you in violation of public policy? If so:

(a) identify the constitutional provision, statute, regulation, or other source of the public policy that you contend was violated; and

(b) state all facts upon which you base your contention that the **EMPLOYER** violated public policy.

**206.0  Defamation**

☐ 206.1  Did the **EMPLOYER'S** agents or employees **PUBLISH** any of the allegedly defamatory statements identified in the **PLEADINGS**? If so, for each statement:

(a) identify the PUBLISHED statement;

(b) state the name, ADDRESS, telephone number, and job title of each person who **PUBLISHED** the statement;

(c) state the name, **ADDRESS**, and telephone number of each person to whom the statement was **PUBLISHED**;

(d) state whether, at the time the statement was **PUBLISHED**, the **PERSON** who **PUBLISHED** the statement believed it to be true; and

(e) state all facts upon which the **PERSON** who published the statement based the belief that it was true.

☐ 206.2  State the name and **ADDRESS** of each agent or employee of the **EMPLOYER** who responded to any inquiries regarding the **EMPLOYEE** after the **EMPLOYEE'S TERMINATION**.

☐ 206.3  State the name and **ADDRESS** of the recipient and the substance of each post-**TERMINATION** statement **PUBLISHED** about **EMPLOYEE** by any agent or employee of **EMPLOYER**.

**207.0  Internal Complaints**

☑ 207.1  Were there any internal written policies or regulations of the **EMPLOYER** that apply to the making of a complaint of the type that is the subject matter of this lawsuit? If so:

(a) state the title and date of each **DOCUMENT** containing the policies or regulations and a general description of the **DOCUMENT'S** contents;

(b) state the manner in which the **DOCUMENT** was communicated to **EMPLOYEES**;

(c) state the manner, if any, in which **EMPLOYEES** acknowledged receipt of the **DOCUMENT** or knowledge of its contents, or both;

(d) state, if you contend that the **EMPLOYEE** failed to use any available internal complaint procedures, all facts that support that contention; and

(e) state, if you contend that the **EMPLOYEE'S** failure to use internal complaint procedures was excused, all facts why the **EMPLOYEE'S** use of the procedures was excused.

☐ 207.2  Did the **EMPLOYEE** complain to the **EMPLOYER** about any of the unlawful conduct alleged in the **PLEADINGS**? If so, for each complaint:

(a) state the date of the complaint;

(b) state the nature of the complaint;

(c) state the name and **ADDRESS** of each **PERSON** to whom the complaint was made;

(d) state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who investigated the complaint;

(e) state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who participated in making decisions about how to conduct the investigation;

**FORM INTERROGATORIES–EMPLOYMENT LAW**

**DISC-002**

(f) state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who was interviewed or who provided an oral or written statement as part of the investigation of the complaint;

(g) state the nature and date of any action taken in response to the complaint;

(h) state whether the **EMPLOYEE** who made the complaint was made aware of the actions taken by the **EMPLOYER** in response to the complaint, and, if so, state how and when;

(i) identify all **DOCUMENTS** relating to the complaint, the investigation, and any action taken in response to the complaint; and

(j) state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the **EMPLOYEE'S** complaint or the **EMPLOYER'S** response to the complaint.

**208.0  Governmental Complaints**

☐ 208.1 Did the **EMPLOYEE** file a claim, complaint, or charge with any governmental agency that involved any of the material allegations made in the **PLEADINGS**? If so, for each claim, complaint, or charge:

(a) state the date on which it was filed;

(b) state the name and **ADDRESS** of the agency with which it was filed;

(c) state the number assigned to the claim, complaint, or charge by the agency;

(d) state the nature of each claim, complaint, or charge made;

(e) state the date on which the **EMPLOYER** was notified of the claim, complaint, or charge;

(f) state the name, **ADDRESS**, and telephone number of all **PERSONS** within the governmental agency with whom the **EMPLOYER** has had any contact or communication regarding the claim, complaint, or charge;

(g) state whether a right to sue notice was issued and, if so, when; and

(h) state whether any findings or conclusions regarding the complaint or charge have been made, and, if so, the date and description of the agency's findings or conclusions.

☐ 208.2 Did the **EMPLOYER** respond to any claim, complaint, or charge identified in Interrogatory 208.1? If so, for each claim, complaint, or charge:

(a) state the nature and date of any investigation done or any other action taken by the **EMPLOYER** in response to the claim, complaint, or charge:

(b) state the name, **ADDRESS**, telephone number, and job title of each person who investigated the claim, complaint, or charge;

(c) state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who participated in making decisions about how to conduct the investigation; and

(d) state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who was interviewed or who provided an oral or written statement as part of the investigation.

**209.0  Other Employment Claims by Employee or Against Employer**

☐ 209.1 Except for this action, in the past 10 years has the **EMPLOYEE** filed a civil action against any employer regarding the **EMPLOYEE'S** employment? If so, for each civil action:

(a) state the name, **ADDRESS**, and telephone number of each employer against whom the action was filed;

(b) state the court, names of the parties, and case number of the civil action;

(c) state the name, **ADDRESS**, and telephone number of any attorney representing the **EMPLOYEE**; and

(d) state whether the action has been resolved or is pending.

☑ 209.2 Except for this action, in the past 10 years has any employee filed a civil action against the **EMPLOYER** regarding his or her employment? If so, for each civil action:

(a) state the name, **ADDRESS**, and telephone number of each employee who filed the action;

(b) state the court, names of the parties, and case number of the civil action;

(c) state the name, **ADDRESS**, and telephone number of any attorney representing the **EMPLOYER**; and

(d) state whether the action has been resolved or is pending.

**210.0  Loss of Income—Interrogatories to Employee**

☐ 210.1 Do you attribute any loss of income, benefits, or earning capacity to any **ADVERSE EMPLOYMENT ACTION?** *(If your answer is "no," do not answer Interrogatories 210.2 through 210.6.)*

☐ 210.2 State the total amount of income, benefits, or earning capacity you have lost to date and how the amount was calculated.

☐ 210.3 Will you lose income, benefits, or earning capacity in the future as a result of any **ADVERSE EMPLOYMENT ACTION?** If so, state the total amount of income, benefits, or earning capacity you expect to lose, and how the amount was calculated.

☐ 210.4 Have you attempted to minimize the amount of your lost income? If so, describe how; if not, explain why not.

DISC-002

☐ 210.5  Have you purchased any benefits to replace any benefits to which you would have been entitled if the **ADVERSE EMPLOYMENT ACTION** had not occurred? If so, state the cost for each benefit purchased.

☐ 210.6  Have you obtained other employment since any **ADVERSE EMPLOYMENT ACTION**? If so, for each new employment:
(a)   state when the new employment commenced;
(b)   state the hourly rate or monthly salary for the new employment; and
(c)   state the benefits available from the new employment.

## 211.0   Loss of Income—Interrogatories to Employer
*[See instruction 2(d).]*

☑ 211.1  Identify each type of **BENEFIT** to which the **EMPLOYEE** would have been entitled, from the date of the **ADVERSE EMPLOYMENT ACTION** to the present, if the **ADVERSE EMPLOYMENT ACTION** had not happened and the **EMPLOYEE** had remained in the same job position. For each type of benefit, state the amount the **EMPLOYER** would have paid to provide the benefit for the **EMPLOYEE** during this time period and the value of the **BENEFIT** to the **EMPLOYEE**.

☑ 211.2  Do you contend that the **EMPLOYEE** has not made reasonable efforts to minimize the amount of the **EMPLOYEE'S** lost income? If so:
(a)   describe what more **EMPLOYEE** should have done;
(b)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts that support your contention; and
(c)   identify all **DOCUMENTS** that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

☑ 211.3  Do you contend that any of the lost income claimed by the **EMPLOYEE**, as disclosed in discovery thus far in this case, is unreasonable or was not caused by the **ADVERSE EMPLOYMENT ACTION**? If so:
(a)   state the amount of claimed lost income that you dispute;
(b)   state all facts upon which you base your contention;
(c)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)   identify all **DOCUMENTS** that support your contention and state the name, **ADDRESS**, and telephone number of the PERSON who has each **DOCUMENT**.

## 212.0  Physical, Mental, or Emotional Injuries— Interrogatories to Employee

☐ 212.1  Do you attribute any physical, mental, or emotional injuries to the **ADVERSE EMPLOYMENT ACTION**? *(If your answer is "no," do not answer interrogatories 212.2 through 212.7.)*

☐ 212.2  Identify each physical, mental, or emotional injury that you attribute to the **ADVERSE EMPLOYMENT ACTION** and the area of your body affected.

☐ 212.3  Do you still have any complaints of physical, mental, or emotional injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each complaint state:
(a)   a description of the injury;
(b)   whether the complaint is subsiding, remaining the same, or becoming worse; and
(c)   the frequency and duration.

☐ 212.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure section 2034) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each **HEALTH CARE PROVIDER** state:
(a)   the name, **ADDRESS**, and telephone number;
(b)   the type of consultation, examination, or treatment provided;
(c)   the dates you received consultation, examination, or treatment; and
(d)   the charges to date.

☐ 212.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each medication state:
(a)   the name of the medication;
(b)   the name, **ADDRESS** and telephone number of the **PERSON** who prescribed or furnished it;
(c)   the date prescribed or furnished;
(d)   the dates you began and stopped taking it; and
(e)   the cost to date.

☐ 212.6  Are there any other medical services not previously listed in response to interrogatory 212.4 (for example, ambulance, nursing, prosthetics) that you received for injuries attributed to the **ADVERSE EMPLOYMENT ACTION**? If so, for each service state:
(a)   the nature;
(b)   the date;
(c)   the cost; and
(d)   the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER**.

DISC-002

212.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION?** If so, for each injury state:

(a)   the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;

(b)   the complaints for which the treatment was advised; and

(c)   the nature, duration, and estimated cost of the treatment.

**213.0   Other Damages—Interrogatories to Employee**

213.1 Are there any other damages that you attribute to the **ADVERSE EMPLOYMENT ACTION?** If so, for each item of damage state:

(a)   the nature;

(b)   the date it occurred;

(c)   the amount; and

(d)   the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the nature or amount of the damage.

213.2 Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in Interrogatory 213.1 ? If so, identify the **DOCUMENTS** and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**214.0   Insurance**

✓ 214.1 At the time of the **ADVERSE EMPLOYMENT ACTION**, was there in effect any policy of insurance through which you were or might be insured in any manner for the damages, claims, or actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION?** If so, for each policy state:

(a)   the kind of coverage;

(b)   the name and **ADDRESS** of the insurance company;

(c)   the name, **ADDRESS**, and telephone number of each named insured;

(d)   the policy number;

(e)   the limits of coverage for each type of coverage contained in the policy;

(f)   whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(g)   the name, **ADDRESS**, and telephone number of the custodian of the policy.

✓ 214.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION?** If so, specify the statute.

**215.0   Investigation**

✓ 215.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **ADVERSE EMPLOYMENT ACTION?** If so, for each individual state:

(a)   the name, **ADDRESS**, and telephone number of the individual interviewed;

(b)   the date of the interview; and

(c)   the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

✓ 215.2 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **ADVERSE EMPLOYMENT ACTION?** If so, for each statement state:

(a)   the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;

(b)   the name, **ADDRESS**, and telephone number of the individual who obtained the statement;

(c)   the date the statement was obtained; and

(d)   the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

**216.0   Denials and Special or Affirmative Defenses**

✓ 216.1 Identify each denial of a material allegation and each special or affirmative defense in your **PLEADINGS** and for each:

(a)   state all facts upon which you base the denial or special or affirmative defense;

(b)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c)   identify all **DOCUMENTS** and all other tangible things, that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**217.0   Response to Request for Admissions**

217.1 Is your response to each request for admission served with these interrogatories an unqualified admission?  If not, for each response that is not an unqualified admission:

(a)   state the number of the request;

(b)   state all facts upon which you base your response;

(c)   state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(d)   identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

*In Re Scott Widder* - Superior Court Case No. 34-2010-00082489

## PROOF OF SERVICE

I am a citizen of the United States and employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within action. My business address is 400 Capitol Mall, Suite 1100, Sacramento, California 95814. On this date, I served the within:

### FORM INTERROGATORIES - EMPLOYMENT LAW

___X___   by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States Post Office <u>mail</u> at Sacramento, California, addressed as set forth below.

Benjamin L. Webster, Esq.
Littler Mendelson
2520 Venture Oaks Way Suite 390
Sacramento, California 95833

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 3, 2010.

_____
V. Sechrist

4

1  **PEREZ LAW OFFICES**
   **Anthony M. Perez, Jr., SB 113041**
2  **Natalya Kozlova Grunwald SB 265084**
   Wells Fargo Center
3  400 Capitol Mall Suite 1100
   Sacramento, California 95814
4  Telephone: (916) 441-0500
   Facsimile: (916) 441-0555
5
   Attorneys for Plaintiff,
6  SCOTT WIDDER

7

8                          SUPERIOR COURT OF CALIFORNIA

9                             COUNTY OF **SACRAMENTO**

10
                                       Case No. 34-2010-00082489
11  **SCOTT WIDDER**

12                    Plaintiff,

13  v.

14  **STATE FARM FIRE AND**
    **CASUALTY COMPANY,**
15  **STATE FARM GENERAL**              **PLAINTIFF'S REQUEST FOR**
    **INSURANCE COMPANY,**              **PRODUCTION OF DOCUMENTS**
16  **STATE FARM MUTUAL**               **(SET ONE)**
    **INSURANCE COMPANY,**
17  **JEANNE M. DIETRICH,**
    **DOES I through 100,**
18

19                    Defendants.
                                    /
20

21  **PROPOUNDING PARTY:**       **PLAINTIFF, SCOTT WIDDER**

22  **RESPONDING PARTIES:**      **DEFENDANTS STATE FARM**

23  **SET NO:**                  **SET ONE**

24          Pursuant to Section 2031.010 of the California Code of Civil Procedure, Plaintiff, SCOTT

25  WIDDER  hereby requests that, within thirty (30) days after service by mail hereof, you produce for

26  inspection and copying at the Perez Law Offices 400 Capitol Mall, Suite 1100, Sacramento, California

27  95814 each of the documents which are described below.

28

## DEFINITIONS

1.  "YOU and "YOUR" include STATE FARM FIRE AND CASUALTY, STATE FARM GENERAL INSURANCE COMPANY, STATE FARM MUTUAL INSURANCE COMPANY ("collectively referred to as STATE FARM) and anyone on their behalf.

2.  "PERSON" and "PERSONS" include a natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

3.  "DOCUMENT" means the original or a copy of any handwriting, typewriting, electronic data, e mail,  printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations of them.

4.  "STATE FARM " and any other derivative form, refers to STATE FARM , its owner, its officers, directors, employers, and anyone acting on its behalf.

5.  "RELATING TO" or "REFERENCING" a given subject matter means any document that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes or is in any way pertinent to that subject, including, without limitation, documents referencing other documents.

6.  "COMPLAINT" refers to the complaint filed by Plaintiff, in the above-captioned matter.

## DOCUMENTS TO BE PRODUCED

1.  Plaintiff Scott Widder's entire personnel file.

2.  All files that contain any and all medical records, medical files, written notes, and requests for medical leaves that concern Plaintiff.

3.  All notes, records, files, e mails or electronic data base information that refer to Plaintiff's work performance, health issues, disabilities, or medical condition.

4.  Copies of all deposition transcripts in which Plaintiff served as State Farm's person most knowledgeable (PMK).

5.     All State Farm polices that concern reasonable accommodation, disability discrimination, medical leaves of absence and retention of medical files in connection with employment at State Farm Insurance companies.

6.     All documents that support a reason or basis for Plaintiff's termination.

7.     All documents that make reference to Plaintiff's termination.

8.     All e mails, notes, records, medical records, electronic data base information created by Dr. Stephen Kindred, M.D, State Farm's Medical Director concerning Plaintiff Scott Widder.

9.     All documents that reflect Plaintiff's salary and benefits, including medical and retirement contributions.

10.     All State Farm documents that refer to options for employee medical coverage.

11.     All insurance policies that either cover or may cover claims made in this lawsuit.

Dated: Aug 3, 2010

PEREZ LAW OFFICES

By: _____
ANTHONY M. PEREZ, JR.
Attorneys for SCOTT WIDDER

*In Re Scott Widder* - Superior Court Case No. 34-2010-00082489

PROOF OF SERVICE

I am a citizen of the United States and employed in Sacramento County, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 400 Capitol Mall, Suite 1100, Sacramento, California 95814.  On this date, I served the within:

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

    X         by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States Post Office <u>mail</u> at Sacramento, California, addressed as set forth below.

Benjamin L. Webster, Esq.
Littler Mendelson
2520 Venture Oaks Way Suite 390
Sacramento, California 95833

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 3, 2010.

V. Sechrist

**Exhibit "C"**

1 **PEREZ LAW OFFICES**
  **Anthony M. Perez, Jr.**, SB# 113041
2 Natalya Kozlova-Grunwald SB# 265084
  Wells Fargo Center
3 400 Capitol Mall Suite 1100
  Sacramento, California 95814
4 Telephone: (916) 441-0500
  Facsimile: (916) 441-0555
5
  Attorneys for Plaintiff
6 SCOTT WIDDER

7

8
                    SUPERIOR COURT OF CALIFORNIA
9
                       COUNTY OF **SACRAMENTO**
10

11
  **SCOTT WIDDER**
12                  Plaintiff,              Case No. 34-2010-00082489

13
      v.                                   **NOTICE OF TELEPHONIC**
14                                         **DEPOSITION OF**
                                           **DR. STEPHEN KINDRED**
15 **STATE FARM FIRE AND**
   **CASUALTY COMPANY,**                   **AUGUST 25, 2010**
16 **STATE FARM GENERAL**                  **9:00 AM PST**
   **INSURANCE COMPANY,**                  **11:00 AM CENTRAL TIME**
17 **STATE FARM MUTUAL**
   **INSURANCE COMPANY,**
18 **JEANNE M. DIETRICH,**
   **DOES I through 100,**
19

20                  Defendants.
   _____/
21

22 **TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

23       Please take notice that Defendant will take the deposition of on Dr. Stephen Kindred **, August**

24 **25 2010,  at 9:00 A.M. PST, 11:00 AM Central Time**, and continuing thereafter from day to day,

25 excluding weekends and holidays, until completed at the Law Offices of Anthony M. Perez, Jr.,

26 located at Wells Fargo Center, Suite 1100,  400 Capitol Mall, Sacramento, California,

27 Telephone: 916-441-0500.

28
                                                              Notice of Deposition
                            **Exhibit C**

1    Pursuant to Code of Civil Procedure Section §2025, the deposition will be recorded

2  stenographically via telephone conference.

3

4  Dated: August 6, 2010                          PEREZ LAW OFFICES

5

6                                                 By: _____

7                                                      ANTHONY M. PEREZ, JR.
                                                      Attorneys for SCOTT WIDDER
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        2

1

2

*Re:    SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO SCOTT WIDDER v. STATE FARM,*
*CASE NO.  Case No. 34-2010-00082489*

3

4

PROOF OF SERVICE

5

        I am a citizen of the United States and employed in Sacramento County, California.  I am over
the age of eighteen years and not a party to the within action.  My business address is 400 Capitol Mall,
Suite 1100, Sacramento, California 95814.  On this date, I served the within:

6

7

8

**NOTICE OF DEPOSITION OF DR. STEPHEN KINDRED**

9

10    ____x____         by sending <u>via facsimile</u>.

11
       ___X____         by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid,
                        in the United States Post Office <u>mail</u> at Sacramento, California, addressed as set forth
                        below.
12

13
       _____        by placing a true copy thereof in a sealed envelope and <u>hand delivering</u> to the individual
                        as addressed below.
14

15
       _____        by placing a true copy thereof in a sealed envelope with <u>U.S. Express postage</u> thereon
                        fully prepaid, in the United States Post Office mail at Sacramento, California, addressed
                        as set forth below.
16

17
                        Benjamin L. Webster, Esq.
                        Littler Mendelson
18                      2520 Venture Oaks Way Suite 390
                        Sacramento, California 95833
19

20

21

22    I declare under penalty of perjury that the foregoing is true and correct.

23    Executed on August __9__ 2010, at Sacramento, California.

24

25

26                                            _____
                                                    V. Sechrist
27

28
                                            3                          Notice of Deposition

1 | **PEREZ LAW OFFICES**
**Anthony M. Perez, Jr.**, SB# 113041
2 | Natalya Kozlova-Grunwald SB# 265084
Wells Fargo Center
3 | 400 Capitol Mall Suite 1100
Sacramento, California 95814
4 | Telephone: (916) 441-0500
Facsimile: (916) 441-0555
5 |
Attorneys for Plaintiff
6 | SCOTT WIDDER

7

8 | SUPERIOR COURT OF CALIFORNIA
9 | COUNTY OF **SACRAMENTO**

10

11

12 | **SCOTT WIDDER**
            Plaintiff,                           Case No. 34-2010-00082489

13

14 | v.                                          **NOTICE OF DEPOSITION
                                                 OF JEANNE DIETRICH**

15 | **STATE FARM FIRE AND
CASUALTY COMPANY,**                          **AUGUST 26, 2010**
16 | **STATE FARM GENERAL
INSURANCE COMPANY,**                         **10:00 AM  PST**
17 | **STATE FARM MUTUAL
INSURANCE COMPANY,**
18 | **JEANNE M. DIETRICH,
DOES I through 100,**

19

20 |                Defendants.

21

22 | **TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

23

24 |         Please take notice that Defendant will take the deposition of JEANNE DIETRICH,

25 | **August 26 2010, at 10:00 A.M. PST,** and continuing thereafter from day to day, excluding weekends

    | and holidays, until completed at the Law Offices of Anthony M. Perez, Jr., located at Wells Fargo

26 | Center, Suite 1100,  400 Capitol Mall, Sacramento, California, Telephone: 916-441-0500.

27

28 |                                                                      Notice of Deposition

1       Pursuant to Code of Civil Procedure Section §2025, the deposition may be recorded by

2  audiotape, videotape and stenographically through the instant "real time" visual display of testimony.

3

4  Dated: August 6, 2010                 PEREZ LAW OFFICES

5

6                         By:_____

7                       ANTHONY M. PEREZ, JR.
                            Attorneys for SCOTT WIDDER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                     2                    Notice of Deposition

*Re:     SUPERIOR COURT OF CALIFORNIA COUNTY OF **SACRAMENTO SCOTT WIDDER v. STATE FARM**,
**CASE NO.** Case No. 34-2010-00082489*

## PROOF OF SERVICE

I am a citizen of the United States and employed in Sacramento County, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 400  Capitol Mall, Suite 1100, Sacramento, California 95814.  On this date, I served the within:

### NOTICE OF DEPOSITION OF JEANNE DIETRICH

____x____     by sending via facsimile.

___X____     by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail at Sacramento, California, addressed as set forth below.

_____     by placing a true copy thereof in a sealed envelope and hand delivering to the individual as addressed below.

_____     by placing a true copy thereof in a sealed envelope with U.S. Express postage thereon fully prepaid, in the United States Post Office mail at Sacramento, California, addressed as set forth below.

Benjamin L. Webster, Esq.
Littler Mendelson
2520 Venture Oaks Way Suite 390
Sacramento, California 95833

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August _9_ 2010, at Sacramento, California.

V. Sechrist

3          Notice of Deposition

1  **PEREZ LAW OFFICES**
   **Anthony M. Perez, Jr.,** SB# 113041
2  Natalya Kozlova-Grunwald SB# 265084
   Wells Fargo Center
3  400 Capitol Mall Suite 1100
   Sacramento, California 95814
4  Telephone: (916) 441-0500
   Facsimile: (916) 441-0555
5
   Attorneys for Plaintiff
6  SCOTT WIDDER

7

8                        SUPERIOR COURT OF CALIFORNIA

9                           COUNTY OF **SACRAMENTO**

10

11  **SCOTT WIDDER**
12               Plaintiff,              Case No. 34-2010-00082489

13
    v.                                  **NOTICE OF DEPOSITION**
14                                       **OF KEVIN STOCKTON**

15  **STATE FARM FIRE AND**
    **CASUALTY COMPANY,**               **AUGUST 31, 2010**
16  **STATE FARM GENERAL**              **10:00 AM  PST**
    **INSURANCE COMPANY,**
17  **STATE FARM MUTUAL**
    **INSURANCE COMPANY,**
18  **JEANNE M. DIETRICH,**
    **DOES I through 100,**
19

20               Defendants.
                 _____/
21

22  **TO THE PARTIES AND THEIR ATTORNEYS OF RECORD**:

23
            Please take notice that Defendant will take the deposition of KEVIN STOCKTON,
24
    **August 31, 2010, at 10:00 A.M. PST,** and continuing thereafter from day to day, excluding weekends
25
    and holidays, until completed at the Law Offices of Anthony M. Perez, Jr., located at Wells Fargo
26
    Center, Suite 1100,  400 Capitol Mall, Sacramento, California, Telephone: 916-441-0500.
27

28
                                                          Notice of Deposition

1   Pursuant to Code of Civil Procedure Section §2025, the deposition may be recorded by

2 audiotape, videotape and stenographically through the instant "real time" visual display of testimony.

3

4 Dated: August 6, 2010     PEREZ LAW OFFICES

5

6             By:_____

7             ANTHONY M. PEREZ, JR.
              Attorneys for SCOTT WIDDER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28          2       Notice of Deposition

Re:    *SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO SCOTT WIDDER v. STATE FARM, CASE NO.*  Case No. 34-2010-00082489

## PROOF OF SERVICE

I am a citizen of the United States and employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within action. My business address is 400 Capitol Mall, Suite 1100, Sacramento, California 95814. On this date, I served the within:

### NOTICE OF DEPOSITION OF KEVIN STOCKTON

____x____    by sending via facsimile.

____X____    by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail at Sacramento, California, addressed as set forth below.

_____   by placing a true copy thereof in a sealed envelope and hand delivering to the individual as addressed below.

_____   by placing a true copy thereof in a sealed envelope with U.S. Express postage thereon fully prepaid, in the United States Post Office mail at Sacramento, California, addressed as set forth below.

> Benjamin L. Webster, Esq.
> Littler Mendelson
> 2520 Venture Oaks Way Suite 390
> Sacramento, California 95833

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 7 2010, at Sacramento, California.

V. Sechrist

3        Notice of Deposition

1  **PEREZ LAW OFFICES**
   **Anthony M. Perez, Jr.**, SB# 113041
2  Natalya Kozlova-Grunwald SB# 265084
   Wells Fargo Center
3  400 Capitol Mall Suite 1100
   Sacramento, California 95814
4  Telephone: (916) 441-0500
   Facsimile: (916) 441-0555
5
   Attorneys for Plaintiff
6  SCOTT WIDDER

7

8                          SUPERIOR COURT OF CALIFORNIA

9                              COUNTY OF **SACRAMENTO**

10

11 **SCOTT WIDDER**

12                Plaintiff,              Case No. 34-2010-00082489

13
   v.                                    **NOTICE OF DEPOSITION**
14                                        **OF SHELLY MILLER**

15 **STATE FARM FIRE AND**
   **CASUALTY COMPANY,**                 **AUGUST 25, 2010**
16 **STATE FARM GENERAL**                **1:00 PM  PST**
   **INSURANCE COMPANY,**
17 **STATE FARM MUTUAL**
   **INSURANCE COMPANY,**
18 **JEANNE M. DIETRICH,**
   **DOES I through 100,**
19

20                Defendants.
                  _____/
21

22 **TO THE PARTIES AND THEIR ATTORNEYS OF RECORD**:

23
         Please take notice that Defendant will take the deposition of SHELLY MILLER,
24
   **August 25 2010,  at 1:00 P.M. PST,** and continuing thereafter from day to day, excluding weekends
25
   and holidays, until completed at the Law Offices of Anthony M. Perez, Jr., located at Wells Fargo
26
   Center, Suite 1100,  400 Capitol Mall, Sacramento, California, Telephone: 916-441-0500.
27

28
                                                               Notice of Deposition

1      Pursuant to Code of Civil Procedure Section §2025, the deposition may be recorded by

2  audiotape, videotape and stenographically through the instant "real time" visual display of testimony.

3

4  Dated: August 6, 2010               PEREZ LAW OFFICES

5

6                         By:_____

7                      ANTHONY M. PEREZ, JR.

8                      Attorneys for SCOTT WIDDER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                         2                    Notice of Deposition

Re:   *SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO SCOTT WIDDER v. STATE FARM, CASE NO. Case No. 34-2010-00082489*

## PROOF OF SERVICE

    I am a citizen of the United States and employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within action. My business address is 400 Capitol Mall, Suite 1100, Sacramento, California 95814. On this date, I served the within:

## NOTICE OF DEPOSITION OF SHELLY MILLER

____x____    by sending <u>via facsimile</u>.

____X____    by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States Post Office <u>mail</u> at Sacramento, California, addressed as set forth below.

_____    by placing a true copy thereof in a sealed envelope and <u>hand delivering</u> to the individual as addressed below.

_____    by placing a true copy thereof in a sealed envelope with <u>U.S. Express postage</u> thereon fully prepaid, in the United States Post Office mail at Sacramento, California, addressed as set forth below.

        Benjamin L. Webster, Esq.
        Littler Mendelson
        2520 Venture Oaks Way Suite 390
        Sacramento, California 95833

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 9, 2010, at Sacramento, California.

_____
V. Sechrist

3

Notice of Deposition