UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT WIDDER,

   Plaintiff,

 v.

STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM GENERAL INSURANCE COMPANY, STATE FARM MUTUAL INSURANCE COMPANY, JEANNE M. DIETRICH, DOES 1 through 100,

   Defendants.
_____/

NO. CIV. 2:10-2221 WBS KJN

MEMORANDUM AND ORDER RE: MOTIONS TO REMAND, FOR ATTORNEYS' FEES AND COSTS, AND TO DISMISS

----oo0oo----

   Plaintiff Scott Widder filed this action in the state court against State Farm Fire and Casualty Company, State Farm General Insurance Company, State Farm Mutual Insurance Company (collectively "State Farm"), and Jeanne M. Dietrich arising from plaintiff's employment as a claims section manager for State Farm.  The State Farm defendants removed the action to this court pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446.  Plaintiff now

1

moves to remand this action to the state court for lack of subject matter jurisdiction and for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), and Dietrich moves to dismiss the two claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.   Factual and Procedural Background

In the fall of 2009, plaintiff was diagnosed with "severe depression." (Compl. ¶ 11 (Docket No. 1 Ex. A).) Plaintiff requested a transfer to another position, but State Farm allegedly did not respond. (Id.) Plaintiff's supervisor, Dietrich, allegedly knew of plaintiff's depression and ridiculed plaintiff's work, avoided requests for reasonable accommodations, and wrote false evaluations of plaintiff while he was on approved medical leave. (Id. ¶ 15.)

In March of 2010, plaintiff's healthcare providers told State Farm's medical director that it was their recommendation that plaintiff be transferred. (Id. ¶ 13.) Plaintiff alleges that State Farm refused to accommodate plaintiff and discriminated against him by terminating him after twenty-eight years of employment. (Id.)

On July 13, 2010, plaintiff, a citizen of California, filed this action in the state court, asserting multiple claims against the State Farm defendants and a claim for disability harassment against Dietrich, a citizen of California. On August 18, 2010, the State Farm defendants, Illinois corporations with their principal places of business in Illinois, removed the action to this court based on diversity jurisdiction, 28 U.S.C. §

1332, and fraudulent joinder of Dietrich. (Docket No. 1.) On August 31, 2010, plaintiff filed a First Amended Complaint that added new allegations about a defamatory memorandum from Dietrich to plaintiff that was placed in plaintiff's personnel file and asserted a claim for defamation against Dietrich. (Docket No. 9.) Plaintiff moves to remand this action and for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) (Docket No. 12), and Dietrich moves to dismiss the two claims against her pursuant to Rule 12(b)(6). (Docket No. 18.)

II. Discussion

An action is removable to federal court only if the action could have been originally brought in federal court. 28 U.S.C. § 1441(a). There is a strong presumption against removal jurisdiction and the burden of establishing jurisdiction rests on the removing defendant, with ambiguities resolved in favor of remand. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). An action based on diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity; each plaintiff must be diverse to each defendant.

A non-diverse defendant may be disregarded for purposes of complete diversity if that defendant was fraudulently joined. Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). A plaintiff has fraudulently joined a defendant when the "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). There is a general presumption against a finding of fraudulent joinder; the removing defendant

must prove by clear and convincing evidence that joinder was fraudulent.  Hamilton Materials Inc., 494 F.3d at 1206.

In deciding whether joinder was fraudulent, the court will not look at post-removal filings to the extent they introduce new causes of action or legal theories.  See Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1426 n.12 (9th Cir. 1989) ("This court will not consider the allegations contained in the unfiled "'Proposed First Amended Complaint.'"); see also Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999) ("Post-removal filings may not be considered, however, when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court."); Stonebrae, L.P. v. Toll Bros., Inc., No. C-08-0221, 2008 WL 2157000, at *4-5 (N.D. Cal. May 21, 2008) (considering only the complaint at the time of removal and ignoring the filed amended complaint for purposes of remand and fraudulent joinder based on Kruso, but considering the amended complaint for the motion to dismiss).  Here, the court will only consider the disability harassment claim against Dietrich for purposes of remand and fraudulent joinder because plaintiff did not amend the initial Complaint until after removal.

California's Fair Employment and Housing Act ("FEHA") prohibits harassment on the basis of disability, Cal. Gov't Code § 12940(j)(1), and subjects an employee to personal liability.  Id. § 12940(j)(3).  "To prevail on a hostile work environment claim under California's FEHA, an employee must show that the harassing conduct was 'severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment

4

1 that qualifies as hostile or abusive to employees because of
2 their [protected status].'"  Hughes v. Pair, 46 Cal. 4th 1035,
3 1043 (2009) (discussing sexual harassment).  Harassment consists
4 of conduct outside the scope of job duties that is not of a type
5 necessary to business and personnel management.  Reno v. Baird,
6 18 Cal. 4th 640, 647 (1998).

7      Here, the court cannot conclude that the complaint
8 fails to state a claim for disability harassment against Dietrich
9 and the failure is "obvious" according to the settled rules of
10 the state.  McCabe, 811 F.2d at 1339.  The State Farm defendants
11 have not proved fraudulent joinder by "clear and convincing
12 evidence."  Hamilton Materials Inc., 494 F.3d at 1206.  Despite
13 the brevity of the allegations, plaintiff does allege that
14 Dietrich was his supervisor and knew about his depression yet
15 treated him unfairly, ridiculed his work, and intentionally wrote
16 false evaluations of him when he was on approved medical leave.
17 (Compl. ¶ 15.)  Based on these allegations, it is not obvious to
18 the court that Dietrich's conduct outside of necessary managerial
19 duties was clearly not so objectively and subjectively severe or
20 pervasive as to alter the conditions of employment and create a
21 hostile work environment for plaintiff based on his disability of
22 depression.

23      If there is any possibility that plaintiff will be able
24 to establish liability against the party in question, then
25 joinder is not fraudulent. Bear Valley Family v. Bank Midwest,
26 N.A., No. ED CV 10-905, 2010 WL 3369600, at *2 (C.D. Cal. Aug.
27 23, 2010). See also Altman v. HO Sports Co., Inc., No. 1:09-1000
28 AWI SMS, 2009 WL 2590425, at *2 (E.D. Cal. Aug. 20, 2009)

("Stated differently, if there is a non-fanciful possibility that the plaintiffs can state a claim against the non-diverse defendant, the [district] court must remand.") (alteration in original) (internal quotation marks omitted). Here, plaintiff may be able to explain or expand on his allegations, to establish when and how Dietrich treated him unfairly, ridiculed his work, and intentionally wrote false evaluations. The court cannot conclude that it is impossible or fanciful that plaintiff can establish liability against Dietrich.

Because the joinder of a California citizen was not fraudulent, the court will grant plaintiff's motion to remand and deny Dietrich's motion to dismiss as moot. Nonetheless, the court will deny plaintiff's motion for attorney's fees and costs because the State Farm defendants' removal did not lack an objectively reasonable basis in law. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.")

IT IS THEREFORE ORDERED that:

(1) plaintiff's motion to remand be, and the same hereby is, GRANTED, and this action is hereby REMANDED to the Superior Court of the State of California, in and for the County of Sacramento;

(2) plaintiff's motion for attorneys' fees and costs be, and the same hereby is, DENIED; and

(2) Dietrich's motion to dismiss the claims against her

1  be, and the same hereby is, DENIED as moot.

2  DATED: October 28, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7